432808                                                                                                          0216-10829

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE WILSON** | CIVIL ACTION |
| **VERSUS** | NO. |
| **KIRBY CORPORATION, A/K/A KIRBY INLAND MARINE TRANSPORTATION COMPANY** | SECTION " " |
| | MAGISTRATE |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF SAID COURT:

NOW INTO COURT, through undersigned counsel, comes defendant, Kirby Corporation (improperly captioned as "Kirby Corporation a/k/a Kirby Inland Marine Transportation Company") (hereinafter referred to as "Kirby"), and removes this civil action from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441(a).

1.

Plaintiff, Tyrone Wilson, ("Plaintiff"), filed a Petition for Damages in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana on October 26, 2011, bearing docket no. 707,696, entitled "Tyrone Wilson v. Kirby Corporation a/k/a Kirby Inland Marine Transportation Company", alleging injuries which occurred on or about October 10, 2010.

2.

A copy of the Petition and all filings in the State court are attached, *in globo*, as Exhibit "A". Exhibit "A" includes true and correct copies of all process, pleadings, and orders found as of this filing in the 24th Judicial District Court record, as required by 28 U.S.C. § 1446(a).

3.

Plaintiff, Tyrone Wilson, is a domiciliary and citizen of the State of Louisiana. See Petition for Damages.

4.

Kirby Corporation is now, and was at the time the Petition was filed, a corporation formed under the laws of the State of Nevada with its principal place of business located in Houston, Texas. Therefore, Kirby Corporation is not a citizen of the State of Louisiana.

5.

T. T. Coatings, Inc. ("T.T. Coatings") is now, and was at the time the Petition was filed, a corporation formed under the laws of the State of Louisiana with its principle place of business in Covington, Louisiana. However, as set forth more fully herein below, T. T. Coatings has been fraudulently joined to defeat diversity jurisdiction and its citizenship must be disregarded.

6.

Defendant, Kirby was sued on October 26, 2011 and plaintiff attempted to serve process on Kirby on December 13, 2011. Although service of process was not affected, Kirby thereafter obtained a copy the Petition on December 16, 2011. Out of an

2

abundance of caution, this Notice of Removal has been filed within thirty (30) days after plaintiff attempted to affect service of process on Kirby. Therefore, this Notice of Removal has also been filed within thirty (30) receipt of suit by Kirby through inquiry with the 24th Judicial District Court Clerk's office, of a copy of a pleading, motion, order, or other paper from which it may first be ascertained that the cause is one which is or has become removable, as allowed by 28 U.S.C. § 1446(b).

7.

To date, plaintiff has not affected service of process on Kirby. Kirby expressly reserves any and all defenses it may have, now or in the future, as to the merits of the claims asserted in the Petition for Damages, the lack or insufficiency of service, process, venue, or jurisdiction, and waives none of the aforesaid defenses by filing this Notice of Removal.

8.

Removal is proper under 28 U.S.C. § 1441(a). This suit involves a controversy over which the United States District Court has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a).

9.

There is complete diversity of citizenship as Plaintiff is a Louisiana citizen and domiciliary and the only properly joined defendant, Kirby Corporation, is a Nevada corporation with its principal office in Texas.

10.

Defendant T. T. Coatings was at all pertinent times the employer of plaintiff. See Petition for Damages, ¶ IV.

11.

Plaintiff alleges that while in the course and scope of his employment with T.T. Coatings, he was injured while attempting to free a test rod located on a barge owned by Kirby. See Petition for Damages, ¶¶ IV – VI.

12.

Plaintiff claims that the alleged accident was caused by the joint negligence of Kirby and T.T. Coatings. See Petition for Damages, ¶ VIII.

13.

For the purposes of determining the existence of diversity of citizenship jurisdiction, the citizenship of T.T. Coatings need not be considered because T.T. Coatings has been "fraudulently joined." The plaintiff alleges that at all pertinent times he was working in the course and scope of his employment with T.T. Coatings. See Petition for Damages, ¶ IV. T.T. Coatings, as the employer of plaintiff, is immune from suit pursuant to Louisiana's Workers' Compensation Law, La. Rev. Stat. § 23:1302. Furthermore, should plaintiff be found to be covered under the Longshore and Harbor Workers' Compensation Act (LHWCA), T. T. Coatings is immune from suit because the LHWCA provides the exclusive remedy for plaintiff against T.T. Coatings under 33 U.S.C. § 905(a). Consequently, there is no arguably reasonable basis for predicting that Louisiana law or the LHWCA would allow recovery from T.T. Coatings and T.T. Coatings' citizenship should be disregarded.

14.

Kirby further shows that the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, but denies any liability to plaintiff in any amount whatsoever.

15.

Although plaintiff does not plead a specified amount of damages, the amount in controversy requirement is satisfied from the face of the Petition due to the nature and extent of the injuries and damages alleged by plaintiff. Plaintiff alleges that as a result of the alleged accident he sustained "serious and permanently disabling injuries to [his] hands and wrists." Petition for Damages, ¶ VI. Plaintiff seeks damages for:

a) Loss wages;

b) Medical expenses;

c) Physical Pain and Suffering;

d) Mental Pain and Anguish;

e) Permanent Physical Disability;

f) Loss of Enjoyment of Life.

Petition for Damages, ¶ IX.

16.

Plaintiff has not attached to his Petition a binding stipulation irrevocably waiving his right to recover damages in excess of any specified amount, or irrevocably waiving his right to amend his Petition to seek additional damages.

17.

Thus, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.

18.

Because T. T. Coatings has been "fraudulently joined," it need not consent in the removal of this action. Nonetheless, T. T. Coatings does consent to the removal of this action. Attached as Exhibit "B" is T.T. Coatings, Inc.'s "Joinder in Removal."

19.

Pertinent information regarding the parties in this case, their counsel, and the State court are as follows:

    a)    Plaintiff is represented by:

        Lloyd N. Frischhertz
        Frischhertz and Associates
        1130 St. Charles Avenue
        New Orleans, LA 70130
        Telephone: (504) 523-1500
        Facsimile: (504) 581-1670

    b)    Defendant T. T. Coatings, Inc. is represented by:

        Carl Joseph Hebert
        Joseph E. Lee III
        Preis & Roy
        Pan American Life Center
        601 Poydras Street, Suite 1700
        New Orleans, LA 70130
        Telephone: (504) 581-6062
        Facsimile: (504) 522-9129

    c)    Defendant Kirby Corporation (incorrectly identified as Kirby Corporation, a/k/a Kirby Inland Marine Transportation Company) is represented by:

        Salvador J. Pusateri
        Aaron B. Greenbaum
        Johnson, Johnson, Barrios & Yacoubian
        701 Poydras Street, Suite 4700
        New Orleans, LA 70139-7701
        Telephone: (504) 528-3001
        Facsimile: (504) 528-3030

d)  The case is being removed from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, which is located at:

24th Judicial District Court
Post Office Box 10
Gretna, Louisiana 70054-0010

20.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, and that it is not interposed for any improper purpose.

WHEREFORE, Kirby Corporation hereby removes this action to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Salvador J. Pusateri
Salvador J. Pusateri (#21036)
Aaron B. Greenbaum (#31752)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for Kirby Corporation

7

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of January, 2012, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                  */s/ Salvador J. Pusateri*