433313                                                                                                          0216-10829

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE WILSON | CIVIL ACTION |
| VERSUS | NO. 2:12-cv-00080 |
| KIRBY CORPORATION, A/K/A KIRBY INLAND MARINE TRANSPORTATION COMPANY | SECTION "K"<br>Judge Stanwood R. Duval<br><br>MAGISTRATE 1<br>Magistrate Judge Sally Shushan |

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, Kirby Corporation (incorrectly identified as "Kirby Corporation a/k/a Kirby Inland Marine Transportation Company") (hereinafter referred to as "Kirby" or "defendant"), and responds to the Petition for Damages filed by Tyrone Wilson ("plaintiff"), as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Petition for Damages is barred by the applicable period of prescription and/or statute of limitations and/or laches.

### THIRD DEFENSE

Defendant asserts that there is insufficiency of process and insufficiency of service of process and files this Answer subject to and in preservation of those defenses available to it under Rule 12 of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

**AND NOW**, without waiving any of the foregoing defenses, Kirby responds to the allegations of Plaintiff's Petition for Damages categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I insofar as they pertain to Kirby are denied. The allegations contained in Paragraph I insofar as they pertain to T.T. Coatings, Inc. are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph IV are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph V (incorrectly numbered in plaintiff's Petition for Damages as paragraph "IV") are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI (incorrectly numbered in plaintiff's Petition for Damages as paragraph "V") are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII (incorrectly numbered in plaintiff's Petition for Damages as paragraph "VI") are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph VIII (incorrectly numbered in plaintiff's Petition for Damages as paragraph "VII") are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX (incorrectly numbered in plaintiff's Petition for Damages as paragraph "VIII") insofar as they pertain to Kirby, including sub-sections (a) through (d), are denied. To the extent the allegations pertain to T.T. Coatings, Inc., the allegations contained in Paragraph IX are also denied.

10.

The allegations contained in Paragraph X (incorrectly numbered in plaintiff's Petition for Damages as paragraph "IX"), including sub-sections (a) through (f), are denied.

11.

The allegations contained in Paragraph XI (incorrectly numbered in plaintiff's Petition for Damages as paragraph "X") are denied.

### FIFTH DEFENSE

Defendant specifically denies that the plaintiff was injured as alleged. Alternatively, defendant pleads the contributory negligence of the plaintiff in mitigation of any recovery. More specifically, if the plaintiff sustained any illness or injury, which is denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of the plaintiff in the following particulars, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;
2. Failure to take proper precautions to avoid the alleged accident;
3. Failure to use safety measures available to prevent the alleged accident; and
4. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

### SIXTH DEFENSE

Defendant avers that if plaintiff sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary risks inherent in his occupation, which are voluntarily assumed and for which defendant is in no way responsible and/or were caused by others for whom defendant is not responsible.

### SEVENTH DEFENSE

The plaintiff's injury or illness, if any, resulted from a condition that was open and obvious to the plaintiff and plaintiff assumed the risk of injury.

## EIGHTH DEFENSE

Defendant avers that plaintiff has failed to mitigate his damages. Defendant avers that plaintiff's damages arose as a result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither disclosed to nor caused by nor aggravated by any act of omission of defendant, thus barring or mitigating any recovery by the plaintiff herein.

## NINTH DEFENSE

While denying any liability to plaintiff whatsoever, defendant further avers that the injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

## TENTH DEFENSE

Defendant specifically denies that plaintiff has a claim under Section 905 (b) of the Longshore and Harbor Workers' Compensation Act as plaintiff's claim lacks jurisdiction under the Longshore and Harbor Workers' Compensation Act and there was no "vessel" involved in plaintiff's incident.

## ELEVENTH DEFENSE

If the Court finds that plaintiff's alleged incident involved a vessel, which is denied, then defendant pleads the terms and conditions of the Limitation of Liability Act

of 1851, 46 U.S.C. § 30501 *et. seq.*, as defendant had no privity or knowledge of any alleged negligent conduct that might have caused or contributed to plaintiff's alleged injuries, which is specifically denied.

## TWELFTH DEFENSE

Defendant would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or in an area over which defendant had no control or authority.

## THIRTEENTH DEFENSE

Defendant avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendant or any other person, party, or entity for which defendant would be responsible, were not responsible.

## FOURTEENTH DEFENSE

Alternatively, if the Court finds that plaintiff's alleged incident involved a vessel, which is denied, defendant specifically contends that defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that defendant provided plaintiff with a seaworthy vessel.

## FIFTEENTH DEFENSE

Defendant denies the allegations of any unnumbered or misnumbered paragraphs and any allegations contained in the prayer for relief.

## SIXTEENTH DEFENSE

Defendant reserves the right to supplement and amend its pleadings as necessary.

**WHEREFORE**, the premises considered, defendant, Kirby Corporation, prays that this, its Answer, be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of the defendant, Kirby Corporation (incorrectly identified as "Kirby Corporation a/k/a Kirby Inland Marine Transportation Company"), and against Plaintiff, Tyrone Wilson, dismissing the Petition for Damages at plaintiff's cost, and that defendant be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted:

/s/ Salvador J. Pusateri
Salvador J. Pusateri T.A. (#21036)
Aaron B. Greenbaum (#31752)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for defendant, Kirby Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2012, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Salvador J. Pusateri