UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0080** |
| **KIRBY CORPORATION, a/k/a KIRBY INLAND MARINE TRANSPORTATION COMPANY** | **SECTION "K"(1)** |

## ORDER AND OPINION

Before the Court are the "Motion to Remand" filed on behalf of plaintiff Tyrone Wilson (Doc. 12) and the "Motion to Dismiss" filed on behalf of defendant T.T. Coatings, Inc. (Doc. 4). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion to dismiss and DENIES the motion to remand.

Background

Tyrone Wilson filed suit in state court against Kirby Corporation a/k/a Kirby Inland Marine Transportation Company ( "Kirby")  and T.T. Coatings, Inc. ("T.T. Coatings")  seeking to recover damages for personal injuries  sustained in the course and scope of his employment.   Mr. Wilson alleged that while  working to repair a barge owned by Kirby, at a facility allegedly owned and operated by T.T. Barge Service, Inc., Ran Van Tran, a T.T. Coatings's  supervisor, ordered him to use a pair of plyers to remove a test rod that was stuck in stainless steel shaft,   while a co-employee heated the test rods and the steel tube on the other end of the shaft. Mr. Wilson further  alleges that he was hurt when the "test rod exploded out of the open end of the steel shaft" and struck his hand and wrist.  Doc. 1, ¶ VI. Mr. Wilson alleged that he was an employee of T.T. Coatings, and that "[o]rdering emplyees [sic] to engage in a dangerous and hazardous employment activity, knowing

that harm to Plaintiff was substantially certain to follow [sic] an intentional Tort [sic] under Louisiana law." Id., at ¶VIII.

With the consent of T.T. Coatings, Kirby timely removed the suit to this Court based on diversity jurisdiction, 28 U.S.C. §1332, asserting that T.T. Coatings, a Louisiana corporation, had been improperly joined. Shortly thereafter T.T. Coatings filed its motion to dismiss. Plaintiff then filed his motion to remand the suit asserting that because T.T. Coatings was a Louisiana corporation diversity jurisdiction was lacking.

## Motion to Dismiss

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id*., 127 S.Ct. at 1969. A complaint does not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Id.*   A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences, or unsupported legal conclusions. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

T.T. Coatings seeks to dismiss the claim against it pursuant to Federal Rule of Evidence 12(b)(6) urging that plaintiff has no facially plausible claim for intentional tort against it. The sole claim alleged by plaintiff in the complaint against T.T. Coatings is one for intentional tort.

T.T. Coatings urges that plaintiff is covered by the LHWCA and that he cannot state a claim of intentional tort because he has alleged insufficient facts against T.T. Coatings. The case law under the LHWCA has carved out an exception of employer immunity for injuries caused by intentional torts. See e.g., *Johnson v. ODECO Oil & Gas Co., Inc.*, 679 F.Supp. 604 (E.D. La. 1987); *Davis v. Rockwell International Corp.*, 596 F.Supp. 780 (N.D.Ohio 1984); *Houston v. Bechtel Assoc. Professional Corp.*, 522 F.Supp. 1094 (D.D.C. 1981); *Austin v. Johns-Manville Sales Corp.*, 508 F.Supp. 313 (D. ME. 1981). Although those cases have refused to extend liability for acts which are merely willful, wanton, or reckless, they have indicated that liability would be extended for acts which evidence a "specific intent to injure the employee." Based on that exception federal courts have examined comparable state workmen compensation acts to determine whether the exception is satisfied.

Both federal courts and Louisiana courts agree that there must be a substantial certainty that a party will suffer harm to prevail on a claim of intentional tort. *Davis v. Rockwell International Corp.*, *supra*; *Bazley v. Tortorich*, 397 So.2d 475 (La. 1981). Under Louisiana law, an allegation that an employer "knew or should have known" that an employee's injuries were substantially certain to follow is not a talisman which, by mere recital, can convert mere allegations into a

3

credible claim of a valid intentional tort against an employer. *Gallon v. Vaughan Contractors, Inc.*, 619 So.2d 746 (La. App. 4th Cir. 1993). Moreover, under Louisiana law, the intentional tort exception to the exclusive remedy provision of the workers' compensation statute is to be given a narrow interpretation. *King v. Schulykill Metals Corporation*, 581 So.2d 300, 302 (La. App. 1st Cir. 1991). Thus, the standard for prevailing on a claim of intentional tort under Louisiana law is extremely high. In *Faridina v. Ecolab, Inc.*, 593 So.2d 936 (La. App. 4th Cir. 1992), the court of appeals held that the fact that the employer *knew* that the employee's injuries were substantially certain to follow work place exposure to chemicals, due to the employer's superior knowledge of the effects of chemical exposure was insufficient evidence of intent to satisfy the intentional tort exception to the exclusivity of worker's compensation remedies. Even knowledge of a high degree of probability that injury will occur is insufficient to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation statute exclusive remedy provisions. *King v. Schuykill Metals Corp,* 581 So.2d at 303 (La. App. 1st Cir. 1991). "Substantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing." *Id.* at 302 (internal citations omitted).

      Although plaintiff alleged specific facts with respect to the method being utilized to remove the rod from the shaft, plaintiff has not pleaded any specific facts with respect to his employer's intent; he simply alleged that employees were ordered "to engage in a dangerous and hazardous employment activity, knowing that harm to Plaintiff was substantially certain to follow an intentional Tort under Louisiana law." Doc. 1-2, ¶ VIII. Plaintiff's allegations are mere "naked assertions devoid of further factual enhancement. Nor has plaintiff alleged any fact that when

4

accepted as true permit the Court to draw a reasonable inference that the method being used to remove the rod from the shaft would inevitably result in injury to the plaintiff or that plaintiff was virtually sure to be injured.  Measuring plaintiff's allegations against the standards utilized in the cited cases, the Court finds that plaintiff's allegations are insufficient to state a claim for intentional tort under either federal law or Louisiana law.

In his memorandum opposing the motion to dismiss, plaintiff requests that should the Court determine his pleadings fail to state a claim that he be give the opportunity to amend his complaint. A district judge has discretion to grant leave to amend, and leave to amend shall be freely given "when justice so requires." Fed.C.Civ.P. 15(a)(2). *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).  However, a district court does not abuse its discretion when it denies leave to amend because the amendment would be futile.  See *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000).  An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.*   Having reviewed the record and the law, the Court concludes that any amendment in this case would be futile.[1] Therefore, the Court dismisses plaintiff's claim against T.T. Coatings.

Motion to Remand

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction. 28 U.S.C. §1441(a).

> The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of the jurisdictional facts, or (2) there is no

---

[1] For the same reasons, amending the suit to name the proper employer would also be futile with respect to the motion to remand.

> possibility that the plaintiff would be able to establish a cause of
> action against the non-diverse defendants in state court.

*Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). The test for assessing whether a party had been improperly joined[2] is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004). In determining whether plaintiff has improperly joined a defendant, a summary injury is appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in state defendant." *Id.* at 573-74.

T.T. Coatings contends that plaintiff has no possibility of recovery against it because it did not employ plaintiff and because there is no reasonable basis to predict that plaintiff might be able to recover against it for an intentional tort. T.T. Coatings has submitted an affidavit by Raymond B. Greenwell, the president of T.T. Barge Service Inc. Mile 125, who also serves as a trustee for the trust that owns T.T. Coatings, Inc., in which Mr. Greenwell attests that:

- "Tyrone Wilson was employed by T. T. Barge Service Inc., Mile 125;
- "[a]t all times pertinent to the lawsuit filed by Tyrone Wilson, all of Mr. Wilson's co-workers and supervisors, including but not limited to Ran Van Tran and Wilfredo Rodas were employed by T.T. Barge Service Inc., Mile 125";
- "[a]t all times pertinent to the lawsuit filed by Tyrone Wilson, T.T. Barge Service, Inc. Mile 125 leased the property and owned all of the improvements at the facility at which Mr. Wilson was performing services on the barge referenced in

---

[2] In *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 571, n. 1 (5th Cir. 2004), the Fifth Circuit adopted "the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder.'"

        the lawsuit";
- "T.T. Coatings, Inc. had no employees at the facility at which Mr. Wilson was working at the time of his alleged accident and had absolutely no involvement in the barge repair being done at the time";
- "T.T. Coatings, Inc. did not own, maintain, operate or repair any equipment, including barges, involved in Mr. Wilson's injury";
- "T. T. Coatings, Inc. did not own, operate, or control at any time the facility at which Mr. Wilson alleges he was injured";

- "[a]t no time pertinent to this lawsuit was Tyrone Wilson an employee of T.T Coatings, Inc.; and
- "There is no parent-subsidiary relationship between T.T. Coatings, Inc. and T.T. Barge Service, Inc., Mile 125.

Doc. 16-1, Ex. A. T.T. Coatings also submitted a copy of Tyrone Wilson's Form W-2 Wage and Tax Statement 2010 which indicates that at the time of the accident "T.T. Barge Services Inc. Mile 125" employed Mr. Wilson. Plaintiff has not offered any evidence disputing any of the cited statements. Based on those submissions there is no reasonable possibility that plaintiff can recover against T.T. Coatings. T. T. Coatings did not employ Mr. Wilson, nor any of his supervisors or co-employees at the time of the accident. Moreover, T. T. Coatings did not own , maintain, operate or repair the barge being repaired at the time of the accident or any of the equipment being used at the time of the accident. Given that plaintiff has no reasonable possibility of recovery against T. T. Coatings, the Court concludes that plaintiff improperly joined T. T. Coatings and orders that it be dismissed. It is undisputed that there is complete diversity between the remaining parties.

  Accordingly, the Court denies the motion to remand.

     New Orleans, Louisiana, this 1st day of May, 2012.

                                    STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT JUDGE